PFIZER GENETICS, INC., A CORPORATION, APPELLEE, V.
MILROY PROCHASKA, APPELLANT.

316 N.W.2d 777

Filed March 12, 1982. No. 81-684.

John S. Mingus of Mingus & Mingus for appellant.

Ross, Schroeder & Fritzler for appellee.

Submitted without oral argument. KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

PER CURIAM.

This was an action for the balance due the plaintiff under a "General Dealer Agreement." The agreement provided generally that the defendant would be a sales representative for the plaintiff's seed lines and make all payments due the plaintiff on or before June 30 of the current marketing year. The petition alleged there was due the plaintiff $4,689.05 plus interest.

The second amended answer and counterclaim denied generally and alleged the agreement was usurious; that the defendant had planted some of the seed corn purchased from the plaintiff, which corn had yielded only about 50 percent of a normal yield; that the plaintiff had made false representations concerning the seed corn; that the plaintiff had breached warranties of fitness and merchantability concerning it; and as a result the defendant had been damaged in the amount of $30,000.

The trial court sustained the plaintiff's motion to strike the counterclaim on the ground that it did not "arise out of the contract or transaction set forth in

the Petition." The plaintiff then moved for summary judgment, which motion was sustained and judgment entered for the plaintiff.

The defendant contends the trial court erred in striking the counterclaim, in granting summary judgment, and in allowing the plaintiff interest at the rate of 11 percent on the amount due.

The agreement provided that payments due the plaintiff as of June 30 of the current marketing year would be "assessed a delinquency charge of 1½% per month or the maximum allowed by the state in which dealer's place of business is located, and will be compounded monthly." This provision was not usurious but merely provided for interest at the maximum legal rate.

The evidence shows conclusively that there was no genuine issue as to any material fact concerning the balance due the plaintiff for seed delivered to the defendant. The plaintiff's evidence consisted of the defendant's deposition, his reply to the plaintiff's request for admissions, the documentary evidence of the transactions between the parties, and an affidavit of the plaintiff's regional sales manager. The defendant's only showing in resistance to the motion was an affidavit excluded from evidence because of a failure to comply with Neb. Rev. Stat. § 25-1332 (Reissue 1979).

A counterclaim must arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim. Neb. Rev. Stat. § 25-813 (Reissue 1979). The defendant contends that as a dealer he was entitled to plant seed corn sold to him by the plaintiff. On this theory it might be said that the counterclaim arose out of the sale of seed corn to the defendant which was at least a part of the transaction upon which the suit was brought. In the present state of the record, we believe the motion to strike the counterclaim should not have been sustained.

The summary judgment in favor of the plaintiff is affirmed, but we remand the cause to the District Court with directions to reinstate the defendant's counterclaim. Because of the defendant's counterclaim, the summary judgment is, in effect, only a partial summary judgment.

AFFIRMED IN PART, AND IN PART REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

CLINTON, J., concurring in part and dissenting in part.

I agree with the part of the majority opinion affirming the granting of the summary judgment on the plaintiff's petition. I disagree with the portion of the opinion which reinstates the counterclaim. I do not believe that the counterclaim arises out of the "dealer agreement" or that transaction. If the defendant dealer "sells" himself some seed, he stands in no different position than any of his other customers as far as Pfizer is concerned. It seems to me that the dealer agreement does not contemplate the dealer as a user of the product. The majority opinion asserts its position gratuitously, i.e., without authority. I do likewise.